UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA BROADNAX,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>    Defendant. | No. 2:16-cv-00289 -TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 18.) Plaintiff Sheila Broadnax ("Plaintiff") opposes the motion. (ECF No. 21.) Defendant has filed a reply. (ECF No. 22.) For the reasons detailed below, the Court hereby GRANTS Defendant's motion for judgment on the pleadings (ECF No. 18).

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 18-1 ¶¶ 9–10.) Plaintiff is an African-American female over 40 years of age. (ECF No. 18-1 ¶¶ 27, 35, & 44.) Plaintiff alleges during her 12-year tenure at SJCC she had no disciplinary history and worked "with support and praise from her supervisors." (ECF No. 18-1 ¶ 11.) Plaintiff alleges she was an active member of California Federation of Teachers Union ("CFTU"). (ECF No. 18-1 ¶ 12.)

1

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 18-1 ¶ 13.) Defendant evaluated all SJCC employees and rehired some, including Plaintiff who was rehired as a Residential Advisor in March 2014. (ECF No. 18-1 ¶¶ 14–15.) Defendant fired Plaintiff in April 2014 for "sleeping on the job, failing to follow directives, and poorly performing tasks at work." (ECF No 18-1 ¶¶ 16–17.) Plaintiff alleges Defendant "used a single incident where she closed her eyes while entering time on her timecard as grounds to falsely accuse her of sleeping at work." (ECF No. 18-1 ¶¶ 18–19.) Plaintiff alleges she was not provided with any progressive discipline or process. (ECF No. 18-1 ¶ 19.)

On November 18, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 18-1 at 4.) Defendant answered in the Superior Court denying each claim and asserting affirmative defenses. (ECF No. 1-1 at 21–27.) On February 12, 2016, Defendant removed this action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Defendant then moved for judgment on the pleadings contending that Plaintiff fails to state any claim on which relief can be granted. (ECF No. 18 at 7.)

Plaintiff alleges claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) age, sex, and race discrimination in violation of California Government Code § 12940(a); (ii) wrongful termination in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) failure to prevent discrimination in violation of California Government Code § 12940(k); and (v) intentional infliction of emotional distress. (ECF No. 18-1 at 4, 6–14.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

### III. ANALYSIS

Defendant argues Plaintiff failed to plead sufficient facts to support any of her claims. (ECF No. 18 at 7.) The Court will discuss each claim in turn.

A. <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges she was qualified and capable of performing her job duties, and Defendants knew Plaintiff was an African-American woman, and over age of 40. (ECF No. 18-1 ¶¶ 27, 37, & 45.) Defendant moves to dismiss Plaintiff's FEHA claims for discrimination on the basis of age, sex, and race, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 18 at 10.) Plaintiff responds her claims are sufficiently stated. (ECF No. 21 at 4–5.)

FEHA prohibits an employer from discriminating against an employee because of the employee's age, sex, or race. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must allege: (i) she was a member of a protected class; (ii) she was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

The only allegations Plaintiff makes in support of her claim are that before Defendant took over SJCC she had no disciplinary history and received praise, and Defendant fired her for reasons she disputes and was aware she was an African-American, female, and over the age of 40. (ECF No. 18-1 ¶¶ 17–19, 27, 37, & 45.) Plaintiff's allegation Defendant terminated her due to her membership in various protected classes is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff's allegation Defendant terminated her employment for reasons she disputes is insufficient to plausibly suggest Defendant acted *because* of her age, sex, or race. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion).

Plaintiff's allegations do not give rise to a plausible inference that Defendant's proffered reason for terminating Plaintiff was pretextual. *Achal*, 114 F. Supp. 3d at 802. Because Plaintiff has not alleged facts sufficient to support the fourth element in relation to any of her discrimination claims, the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's discrimination claims.

    B.    <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff alleges Defendant wrongfully terminated her employment in violation of public policy based on Plaintiff's union affiliation, age, sex, and race. (ECF No. 18-1 ¶ 55.) Defendant argues Plaintiff's claim is preempted by the National Labor Relations Act ("NLRA"), fails to allege sufficient facts, or alternatively, fails because Plaintiff's wrongful termination claim is based on deficient discrimination claims. (ECF No. 18 at 11–12.)

    i.    *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)-(3).

Plaintiff's claim for wrongful termination based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). The parties agree on this point. (ECF No. 18 at 12; ECF No. 21 at 8.) Plaintiff argues Defendant had multiple illegal reasons for firing her, and *Garmon* preemption should not apply to her *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 21 at 8–9) (citing *Balog v. LRJV, Inc.*, 204

Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on many illegal reasons, if some reason or reasons were not even arguably related to unfair labor practices).

Plaintiff's claims for wrongful termination based on age, sex, and race, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy regarding Plaintiff's age, sex, and race, is not preempted.

        *ii.*      *Pleading Adequacy of Plaintiff's Wrongful Termination Claim*

Defendant argues, to the extent Plaintiff's wrongful termination claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 18 at 12.) "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient allegations to support claims for age, sex, and race discrimination, so Plaintiff's derivative claim for wrongful termination in violation of public policy based on age, sex, and race fails. *See Tumblin v. USA Waste of California, Inc.*, No. CV 16-2902 DSF-PLAX, 2016 WL 3922044, at *8 (C.D. Cal. 2016). Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to the wrongful termination claim.

    C.    <u>Retaliation in Violation of California Government Code § 12940(h)</u>

Plaintiff alleges she engaged in the protected activities of "being an African-American woman over the age of 40," and "an active member of the CFT union." (ECF No. 18-1 ¶¶ 64–65.) Plaintiff alleges Defendant "refused to hire her" because of those alleged protected

activities. (ECF No. 18-1 ¶¶ 64–65.) Defendant argues Plaintiff failed to allege "a valid adverse employment action," or causation between that action and a protected activity, and claims regarding union activity are preempted by the NLRA. (ECF No. 18 at 13.)

To establish a claim for retaliation in violation of Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. "Protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, at 1042.

Plaintiff alleges Defendant refused to hire her and that constitutes an adverse employment action, however, Plaintiff also alleges Defendant did hire her and then terminated her employment. (ECF No. 18-1 ¶¶ 15, 17, 64–65; ECF No. 21 at 3.) If the Court construes Plaintiff to allege termination of employment as the adverse action, Plaintiff's claim still fails because she has not alleged Defendant fired her because she engaged in any protected activity under Section 12940(h). Plaintiff does not allege Defendant retaliated against her because she opposed practices forbidden under FEHA, filed a complaint, testified, or assisted in any proceeding under FEHA. Plaintiff's claim for retaliation is a duplicate of her discrimination claims. Further, any claim for retaliation based on union activities would be subject to the exclusive jurisdiction of the NLRB. Because Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

D. <u>Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)</u>

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination." (ECF No. 18-1 ¶ 74.) Defendant argues FEHA's Section 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. (ECF No. 18 at 13–

15.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 18 at 14.) As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, sex, or race, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination claim.

### E. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant acted "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No, 18-1 ¶ 81.) Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which do not rise to the level of "extreme and outrageous conduct." (ECF No. 18 at 15–16.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions,

deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant terminated her employment and disputes the reasons for her termination. (ECF No. 18-1 ¶¶ 17–19.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — being fired — is an activity California courts have expressly found constitutes personnel management activity and is insufficient to support a claim of intentional infliction of emotional distress. *Janken,* 46 Cal. App. 4th at 64–65. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 18) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 5, 2017

Troy L. Nunley
United States District Judge

9