| | |
|---|---|
| SHEILA BROADNAX,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:16-cv-00289-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 29.) Plaintiff Sheila Broadnax ("Plaintiff") opposes the motion. (ECF No. 30.) Defendant has filed a reply. (ECF No. 32.) For the reasons detailed below, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 29), with prejudice.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 28 ¶¶ 9–10.) Plaintiff is an African American female over 40 years of age. (ECF No. 28 ¶¶ 45, 53, 62.) Plaintiff alleges during her 12-year tenure at SJCC she had no disciplinary history and worked "with support and praise from her supervisors." (ECF No. 28 ¶ 11.) Plaintiff alleges she was an active member of California Federation of Teachers Union ("CFTU"). (ECF No. 28 ¶ 12.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 28 ¶¶ 13–14.) Defendant evaluated all SJCC employees and rehired some, including Plaintiff who was rehired as a Residential Advisor in March 2014. (ECF No. 28 ¶¶ 20–22.) Defendant fired Plaintiff in April 2014 for "sleeping on the job, failing to follow directives, and poorly performing tasks at work." (ECF No. 28 ¶¶ 23–25.) Plaintiff alleges Defendant "used a single incident where she closed her eyes while entering time on her timecard as grounds to falsely accuse her of sleeping at work." (ECF No. 28 ¶ 28.) Plaintiff alleges she was not provided with any progressive discipline or process. (ECF No. 28 ¶ 28.) Plaintiff alleges she "complained personally and through her union representation" that the reason for her firing was false and she believed she was fired because she is a minority and an "older woman." (ECF No. 28 ¶¶ 35–36.)

Plaintiff alleges she saw Defendant give differential discipline to other employees based on their age, race, and gender, including termination "while Caucasian, younger, and male employees were given either no discipline or were provided only a verbal warning." (ECF No. 28 ¶ 33.) Plaintiff alleges she was "informed" that "other employees who were similarly situated as members of protected classes faced similar treatment and discrimination." (ECF No. 28 ¶ 34.)

Defendant then moved for judgment on the pleadings contending that Plaintiff fails to state any claim on which relief can be granted. (ECF No. 18 at 7.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend her complaint. (ECF No. 27.) Plaintiff amended her complaint, alleging the same seven claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 28.) Defendant moves to dismiss for failure to state a claim. (ECF No. 29.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

3

requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

Defendant argues Plaintiff failed to allege sufficient facts. (ECF No. 29 at 3.)

A.    <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against her due to her age, sex, and race by wrongfully firing her because she is an African American woman over 40. (ECF No. 28 ¶¶ 45–46, 54–55, 63–64.) To state a FEHA discrimination claim, a plaintiff must allege she suffered an adverse employment action and the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

Plaintiff's only factual allegations in support of her claim are that she had no disciplinary history before Defendant took over SJCC, Defendant interviewed and hired her, then Defendant fired her for an incident she disputes while aware she was an African American female over 40. (ECF No. 28 ¶¶ 11, 23–28.) Plaintiff's allegation Defendant terminated her due to her membership in various protected classes is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff's allegation Defendant terminated her employment for reasons she disputes is insufficient to plausibly suggest Defendant acted *because* of her age, sex, or race. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, hearing negative comments about age, or her age being point of discussion).

Plaintiff further alleges that she saw other employees treated differently based on age, ace, and gender, (ECF No. 28 ¶ 33), but does not provide facts to support that conclusion nor explain if those differences relate to her employment or termination. Plaintiff states she "was informed" about "other employees" who were treated in a discriminatory manner, (ECF No. 28 ¶ 34), which is not only conclusory, but apparently the conclusion of someone who is not party to this suit.

Plaintiff's allegations do not give rise to a plausible inference that Defendant's proffered reason for terminating Plaintiff was pretextual. *Achal*, 114 F. Supp. 3d at 802. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's discrimination claims.

B.  Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated her employment in violation of public policy based on Plaintiff's age, sex, and race. (ECF No. 28 ¶ 73.) "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient allegations to support claims for age, sex, and race discrimination, so Plaintiff's derivative claim for wrongful termination in violation of public policy based on age, sex, and race fails. *See Tumblin v. USA Waste of California, Inc.*,

2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for wrongful termination.

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against her for "such protected activities as reporting that she felt her termination was discriminatory." (ECF No. 28 ¶ 82.)

To establish a claim for retaliation in violation of Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. "Protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff claims that *after* Defendant fired her, she reported that she believed she had been fired for discriminatory reasons. (ECF No. 28 ¶ 82.) Plaintiff has not alleged she engaged in any protected activity before Defendant fired her. Plaintiff does not cite any authority to support a retaliation claim when the claimed retaliation took place prior to the protected activity. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim.

### D. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination," and asserts a claim under California Government Code §12940(k). (ECF No. 28 ¶¶ 90–91.) FEHA's Section 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on her age, sex, or race, so Plaintiff's derivative claim for failure

to prevent discrimination fails.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination.

### E. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant terminated her employment, disputes the reasons for her termination, and states Defendant did not give her progressive discipline and process before firing her. (ECF No. 28 ¶¶ 99–100.) To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.*

Plaintiff has not alleged conduct other than making a firing decision.  A firing decision is an activity California courts have expressly found constitute personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support her claims and has not done so.  This Court provided detailed analysis in its order on Defendant's previous motion

for judgment on the pleadings about the deficiencies in the original complaint for each cause of action and granted leave to amend. (ECF No. 27.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 29), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 13, 2018

_____
Troy L. Nunley
United States District Judge